IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH NAGY et al., <br><br> Plaintiffs, <br><br> v. <br><br> ST. LUKE'S UNIVERSITY HOSPITAL et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 13-1588 |

<u>OPINION</u>

**Slomsky, J.**                                                                                April 3, 2014

## I.      INTRODUCTION

Plaintiffs Joseph and Katherine Nagy, proceeding pro se, bring this action as husband and wife for injuries suffered by Katherine Nagy on March 23, 2011 at St. Luke's Warren Hospital ("St. Luke's Hospital").  The Complaint contains two Counts.  Count I alleges "negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures of acts" against St. Luke's Hospital.  (Doc. No. 1 at ¶¶ 47-53.)  Count II alleges the same acts of negligence against ABC Corporations (1-5) and John Does (1-5).  (<u>Id.</u> at ¶¶ 54-57.)

Plaintiffs have also sought to join additional defendants in this case.[1]  (Doc. No. 12.) First, Plaintiffs seek to add as a defendant Manor Care of Easton, PA, LLC ("Manor Care"), a skilled nursing facility located in Easton, Pennsylvania, where Ms. Nagy currently resides.  (<u>Id.</u> at 2.)  Plaintiffs also seek to join Edward Schuch and Carole Hocking as agents of Manor Care,

---

[1] On October 7, 2013, Plaintiffs' filed a response titled: "Response to St. Luke's University Hospital or if Indeed Incorrectly Pled St. Luke Warren Hospital's Memorandum of Law and Motions and Plaintiffs' Motion to Dismiss and Counterclaim with Joinder of Causes and Parties Against Manor Care of Easton PA LLC," seeking to join additional defendants to this case.  Because Plaintiffs' motions have lengthy titles, the Court will shorten them for purposes of this Opinion and include their docket numbers as a reference to the record.

1

as well as HCR ManorCare Inc., which is not the correct name for Manor Care.  (Id.; Doc. No. 22 at 1.)  The Court will refer to these parties collectively as "Manor Care Defendants."

Next, Plaintiffs seek to join Kennedy, PC Law Offices as a defendant.  (Doc. No. 12 at 2.)  Kennedy, PC Law Offices represents Manor Care in a collections case against the Nagys in the Court of Common Pleas of Northampton County, Case No. C48-Cv2013-8832.[2]  (Doc. No. 22 at 6.)  Plaintiffs also seek to join Rodney Myer, Esquire, and Steven E. Bernstein, Esquire, lawyers at Kennedy, PC Law Offices.  (Doc. No. 12 at 2.)  The Court will refer to these parties collectively as "Kennedy Defendants."[3]

On September 4, 2013, St. Luke's Hospital filed a Motion to Dismiss.  (Doc. No. 4.)  On October 7, 2013, Plaintiffs filed a Response in Opposition.  (Doc. No. 12.)  On November 14, 2013, after being joined as defendants, Kennedy Defendants filed a Motion to Remand the case to State Court.  (Doc. Nos. 16, 17.)  On November 15, 2013, the Court held a hearing in this matter.  Following the hearing, Manor Care Defendants filed a Motion to Dismiss for Lack of Jurisdiction and for Additional Grounds.  (Doc. No. 21.)  For reasons that follow, the Court will grant St. Luke's Hospital's Motion to Dismiss and dismiss this case for lack of subject-matter jurisdiction.  Because dismissal is appropriate, the Court need not address the Motions of the other Defendants or the claims against them.

---

[2] On October 7, 2013, Plaintiffs filed a Notice of Removal and Counterclaims [sic] of the state court proceeding to the Eastern District of Pennsylvania.  This matter has been docketed as 5:13-cv-05957-JLS, and is currently pending before the Honorable Jeffrey L. Schmehl.

[3] In their Response to St. Luke's Hospital's Motion to Dismiss, Plaintiffs also seek to join the following defendants:  Aetna, Inc. and agent Medical Director George Vermeire; Northampton County and "agents Director Archie Disidore; Guardian Laurie Dart-Schnaufer; Lisa Spitale; the Honorable Craig Dally; Dr. Dalsaniya; and Dr. Stephen Ksiazek.  (Doc. No. 12 at 2.)  These parties have not been served and are not properly joined as defendants.  Plaintiffs do not allege specific claims against these defendants.

## II.     BACKGROUND

On March 25, 2013, Plaintiffs Joseph and Katherine Nagy commenced this action against St. Luke's Hospital and ABC Corporations (1-5) and John Does (1-5).  The following facts are set forth in their Complaint.

In March 2011, Katherine Nagy was admitted to St. Luke's Hospital, Warren Campus, located in Phillipsburg, New Jersey, for urinary problems and slurred speech.  (Doc. No. 1 at ¶¶ 8-10.)  While a patient there, Ms. Nagy was treated for "acute stroke in the right corona area" and "urinary incontinence."  (Id. at ¶ 11.)  On or about March 23, 2011, Mr. Nagy was informed that Ms. Nagy would be discharged.  (Id. at ¶ 12.)  When Mr. Nagy arrived at the hospital, he was told that an additional test was going to be run on Ms. Nagy, after which he could take her home.  (Id.)  That same day, Mr. Nagy was informed that Ms. Nagy was in the intensive care unit ("ICU").  (Id.)  On April 5, 2011, Ms. Nagy was discharged from the hospital.  (Id. at ¶ 13.)

In the Complaint, Plaintiffs allege the following facts based on "consultation documentation" of the hospital.  These facts occurred from on or about March 23, 2011 to April 5, 2011.  On or about March 25, 2011, Ms. Nagy had "slurred speech and urinary incontinence, and was noted to have left facial droop as well, and was subsequently found to have acute right cerebrovascular accident by MRI."  (Id.)  On or about March 27, 2011, Ms. Nagy was "unable to communicate much because of the stroke."  (Id. at ¶ 14.)  On or about April 4, 2011, Ms. Nagy had "surgery for the PEG tube."  (Id. at ¶ 15.)  Tube feedings were scheduled for Ms. Nagy at Brakeley Park Center, a Genesis HealthCare Company in Phillipsburg, New Jersey.  (Id.)

In the Complaint, Plaintiffs state that Ms. Nagy now suffers from: "permanent serious bodily injury consisting of: acute paralysis of the left extremities especially the left arm and left area of the throat, post-traumatic stress disorder, depression, fear anxiety, and/or other mental and physical injuries as a result of which she was rendered sick, sore and disabled . . . ."  (Id. at ¶

3

38.) Plaintiffs allege that these injuries were caused by an "undocumented medical procedure" performed on Ms. Nagy by St. Luke's Hospital without her consent. (Id. at ¶ 48.)

From January 2012 to April 2012, Ms. Nagy suffered a series of medical complications and was admitted on several occasions to St. Luke's Hospital, to a separate hospital called Easton Hospital, and to New Eastwood Care and Rehabilitation ("New Eastwood"), a rehabilitation center adjacent to Easton Hospital.[4] (Id. at ¶¶ 16-25.) Thereafter, on or about April 17, 2012, Ms. Nagy was admitted to Manor Care, the skilled nursing facility located in Easton, Pennsylvania. (Id. at ¶ 26.) Plaintiffs state that Ms. Nagy was "pre-certified with Aetna [insurance] coverage" for this admission. (Id. at ¶ 25.)

On or about April 20, 2012, Mr. Nagy received a bill for $28,667.99 from New Eastwood for care provided to her from December 2011 to March 2012, after her initial hospitalization at St. Luke's Hospital. (Id. at ¶ 27.) Mr. Nagy sent New Eastwood a Notice of Arbitration with a demand for $150,000 for "wrongful admission to [St. Luke's] Warren Hospital." (Id.) The Nagys apparently refused to pay New Eastwood for services rendered after Ms. Nagy's initial hospitalization at St. Luke's Hospital.

In May 2012, Mr. Nagy received a benefits summary from Aetna insurance for Mr. and Ms. Nagy. (Id. at ¶ 29.) Plaintiffs allege that they each have $500,000 in coverage, which includes convalescent facilities. (Id.) Plaintiffs also allege that Mr. Nagy was told that Ms. Nagy has "'unlimited' nursing home care coverage." (Id.) In July 2012, Ms. Nagy received a letter from Aetna denying coverage for "the period 07/03/2012-07/03/2012 for 1 Day(s) Skilled

---

[4] The Nagys distinguish the complications suffered by Ms. Nagy from January 2012 to April 2012 from her prior medical problems starting in March 2011. Taking the Complaint as a whole, Ms. Nagy had medical problems from March 2011 to April 2013.

4

Nursing." (Id. at ¶ 30.) Plaintiffs contend that Aetna now claims that Ms. Nagy does not require skilled nursing care and should be at home or at another facility. (Id.)

As of March 2013, Ms. Nagy continued to reside at Manor Care. (Id. at ¶ 31.) On March 25, 2013, Plaintiffs commenced this action against St. Luke's Hospital and ABC Corporations (1-5) and John Does (1-5). In Count I, as noted above, Plaintiffs allege "negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures of acts" against St. Luke's Hospital in connection with injuries suffered by Ms. Nagy on March 23, 2011. (Id. at ¶¶ 47-53.) In Count II, Plaintiffs allege the same acts of negligence against ABC Corporations (1-5) and John Does (1-5). (Id. at ¶¶ 54-57.)

On September 4, 2013, St. Luke's Hospital filed a Motion to Dismiss Plaintiff's Complaint. (Doc. No. 4.) On October 7, 2013, Plaintiffs filed a Response to St. Luke's Hospital and Counterclaim With Joinder of Causes and Parties Against Manorcare of Easton PA LLC. (Doc. No. 12.) As previously noted, in this Response, Plaintiffs seek to join numerous other defendants to this case.[5] Among them are Manor Care Defendants. (Doc. No. 12.) In the Response, Plaintiffs' also request joinder of the state court matter against them by Manor Care (Id. at 1-2), and on October 9, 2013, Plaintiff filed an Exhibit with a copy of the Complaint from the state court case. (Doc. No. 13.) According to the Complaint, the state court case was

---

[5] Plaintiffs also desire to join the following parties as defendants: Aetna, Inc.; Medical Director George Vermeire; Northampton County; Director Archie Disidore; alleged Guardian Laurie Dart-Schnaufer; Lisa Spitale; the Honorable Craig Dally; Dr. Dalsaniya; and Dr. Stephen Ksiazek. (Doc. No. 12 at 2.) None of these defendants have been served, and Plaintiffs do not specify claims against them. As discussed infra, the Court does not have jurisdiction over this case because of the lack of diversity of citizenship among the parties. Joinder of parties and causes of action under Federal Rules of Civil Procedure 18, 19, and 20 is permissible only where the court has jurisdiction based upon a federal question or upon diversity of citizenship and the requisite jurisdictional amount. See Trio Process Corp. v. L. Goldstein's Sons, Inc., 250 F.Supp. 926, 928 (E.D. Pa. 1966). Because the Court does not have jurisdiction over this case, it need not address the issue of proper joinder of these parties.

brought by Kennedy, PC Law Offices as attorney and debt collector for Manor Care in connection with an attempt to collect a debt of $172,709.75 owed by Ms. Nagy to Manor Care for her care. (Doc. No. 13-2.) In the Response, Plaintiffs also seek joinder of Kennedy Defendants.

On September 4, 2013, St. Luke's Hospital filed a Motion to Dismiss Plaintiff's Complaint. (Doc. No. 4.) On September 23, 2013, Plaintiffs' filed a Motion for Default Against St. Luke's Hospital. (Doc. No. 9.) On November 14, 2013, Kennedy Defendants filed a Motion to Remand to State Court. (Doc. Nos. 16, 17.) On November 15, 2013, the Court held a hearing on the motions. Following the hearing, Manor Care Defendants filed a Motion to Dismiss for Lack of Jurisdiction and for Additional Grounds. (Doc. No. 21.) For reasons that follow, the Court will dismiss this case for lack of subject-matter jurisdiction.

### III. ANALYSIS

#### A. The Court Will Dismiss this Case for Lack of Subject-Matter Jurisdiction

St. Luke's Hospital submits that Plaintiffs' claims should be dismissed because this Court lacks subject-matter jurisdiction over this case. The Court agrees and will dismiss the case.

A federal district court has a duty to consider its own jurisdiction prior to considering the merits of an action. Pippett v. Waterford Dev., LLC, 166 F.Supp. 2d 233, 235 n. 1 (E.D. Pa. 2001). Lack of subject-matter jurisdiction is a ground for dismissal and may be raised at any time by the parties or by the court sua sponte. Walls v. Ahmed, 832 F.Supp. 940, 941 (E.D. Pa. 1993) (citations omitted). The plaintiff bears the burden of showing that the claim is properly before the court as the party asserting jurisdiction. Walthour et al. v. Child and Youth Servs., et al., 728 F. Supp. 2d 628, 634 (E.D. Pa. 2010). In reviewing a factual challenge to the Court's subject-matter jurisdiction, the Court may consider evidence outside the pleadings. See Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000).

Plaintiffs allege that this Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Doc. No. 40 at 5.) Section 1332 gives district courts subject-matter jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. For a district court to have diversity of citizenship jurisdiction, complete diversity is required. This means that "in cases with multiple plaintiffs or multiple defendants, no plaintiff may be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). In other words, if a defendant is a citizen of the same state as any plaintiff, then complete diversity of citizenship is lacking and the Court is divested of subject-matter jurisdiction.

Citizenship is based on the concept of "domicile." Last v. Elwyn, Inc., 935 F.Supp. 594, 597 (E.D. Pa. 1996). Domicile is the state in which a party is physically located with the intent to remain there. Rotella v. McConnell, No. 98-2363, 1999 WL 124418, *1 (E.D. Pa. Mar. 4, 1999). A person may be a domiciliary of only one state. De Tolla v. Mele, No. 99-1312, 1999 WL 163603, *3 (E.D. Pa. Mar. 22, 1999). For a corporation, domicile can be based on both the state in which it is incorporated and the state in which it has its principal place of business. Swiger v. Allegheny Energy, Inc., 540 F.2d 179, 182 (3d Cir. 2008) (citations omitted). Citizenship, for diversity purposes, is determined by the party's domicile at the time the Complaint was filed. Grand Union Supermarkets, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003).

Here, Mr. Nagy is domiciled in New Jersey. (Doc. No. 1 at ¶ 1.) In the Complaint, Plaintiffs state that Ms. Nagy is domiciled both in Pennsylvania at Manor Care and in New Jersey at the home she shares with Mr. Nagy. (Id. at ¶ 2.) However, as stated above, a person may only be domiciled in one state. Regardless of Ms. Nagy's domicile, complete diversity is

7

lacking among the parties. St. Luke's Hospital is incorporated in the state of New Jersey and has its principal place of business there. (See Doc. 4 at Ex. B.) Therefore, St. Luke's Hospital is domiciled in New Jersey. Because St. Luke's Hospital is domiciled in the same state as Mr. Nagy, who is a plaintiff in this case, complete diversity of citizenship is lacking.

Plaintiffs state that St. Luke's Hospital is domiciled in Pennsylvania, despite the fact that it operates a hospital in New Jersey. (Id. at ¶ 4.) This is incorrect. Although St. Luke's Hospital reincorporated between the time of Ms. Nagy's injury and the filing of this case, its domicile did not change.[6] (Doc. No. 4 at Ex. C.) St. Luke's Hospital has remained incorporated in New Jersey, with its principal place of business there as well. When one of multiple plaintiffs is a citizen of the same state as one of the defendants, complete diversity is lacking. Because Mr. Nagy is domiciled in New Jersey and St. Luke's Hospital is also domiciled in New Jersey, diversity of citizenship does not exist between the parties.

As stated above, a federal district court has a duty to consider its own jurisdiction prior to considering the merits of an action. Without complete diversity of citizenship between the parties, the Court does not have subject-matter jurisdiction over this case. Lack of subject-matter jurisdiction is a ground for dismissal. Accordingly, the Court will not address the merits of this action and will dismiss this case.[7]

---

[6] Most importantly, diversity of citizenship jurisdiction is determined at the time the Complaint is filed. Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008) (citing 28 U.S.C. § 1332).

[7] The Court also notes that Pennsylvania's two-year statute of limitations for personal injury suits bars this case from going forward. See 42 Pa.C.S. § 5524. Plaintiffs allege that Ms. Nagy was injured by St. Luke's Hospital on March 23, 2011. (Doc. No. 1 at ¶¶ 47-53.) Plaintiffs commenced this case on March 25, 2013. (Id.) Therefore, Plaintiffs commenced this case more than two-years after the injury occurred. Under Pennsylvania's statute of limitations, this case would be barred.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that diversity of citizenship jurisdiction is lacking in this case.  As such, the case will be dismissed.